THE BENEDICT AND BURNHAM MANUFACTURING COMPANY, APPELLANT *v.* DAVID G. THAYER, RESPONDENT.

SAME *v.* SAME.

THE PEOPLE OF THE STATE OF NEW YORK EX REL. DAVID G. THAYER, *v.* PETER BOWE, SHERIFF, ETC.

*Execution against the person — not rendered void by the omission of a clause requiring the sheriff to return it — When the remedy of a party arrested is by special motion, and not by habeas corpus.*

Where an execution issued against the person of a judgment-debtor fails to require the sheriff to return it to the proper clerk within sixty days from its receipt, the execution is not thereby rendered void, and an order allowing the plaintiff to amend the same by inserting such a direction should be granted as a matter of course.

The remedy of a defendant held by the sheriff under an execution from which such direction is omitted is by a special motion, and not by an application for a discharge under a writ of *habeas corpus*.

APPEALS from orders made at a Special Term denying motions for leave to amend an execution, and from an order in proceedings in *habeas corpus* discharging the defendant from arrest.

December 23, 1879, a judgment was docketed against the defendant, on which an execution against his property was duly issued, upon the return of which unsatisfied an execution against his person was issued on January 15, 1880. The execution did not contain a direction requiring the sheriff to return it to the clerk of the city and county of New York, as provided in section 1366 of the Code of Civil Procedure. On January 16th the defendant was arrested and placed in confinement. On January 17th the plaintiff applied for leave to amend the execution, which was denied. Immediately after the denial of this motion the defendant applied for a writ of *habeas corpus*, which was granted and made returnable January 24, 1880. On February 3d the motion for a discharge was granted, and a motion for leave to renew the motion to amend and for the allowance of the amendment was denied. From these orders this appeal was taken.

*Cephas Brainard,* for the appellant, The Benedict, etc., Co.

*A. C. Brown,* for David G. Thayer, the respondent.

*A. J. Vanderpoel,* for the sheriff.

*Per Curiam.* ·

1. We think that the words omitted from the execution were not of substance, and that the amendment should have been granted as a matter of course.

The order refusing leave to amend must therefore be reversed.

2. The order denying the second motion for leave to amend was proper, for the reason that an appeal was then pending from the denial of the first motion.

That appeal should be dismissed, without costs.

3. We think the court below erred in discharging the prisoner on the writ of *habeas corpus.* The execution was not void, and the omission of the words referred to should have been disregarded. Further, the defendant's remedy was not by *habeas corpus,* but by special motion, on which the court could act freely with respect to an amendment.

The order discharging the prisoner should therefore be reversed, and the prisoner remanded to the custody of the sheriff.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

No. 1. Order reversed, and motion to amend execution granted, without costs.

No. 2. Appeal dismissed, without costs.

No. 3. Order reversed, with ten dollars costs and disbursements ; order made remanding the prisoner to the custody of the sheriff under execution.